**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

JOHN SMITH                                                                                                          PETITIONER
Reg. #10924-028

v.                                                 2:23-cv-00003-BSM-JJV

JOHN P. YATES, Warden                                                                              RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Petitioner John Smith, an inmate at the Federal Correctional Institution – Forrest City Medium, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He alleges Respondent John P. Yates, Warden, has "violated his rights to due process in the manner in which he was treated." (*Id*. at 6.) Specifically, Mr. Smith alleges his case manager falsified records with the aim of causing him to receive a higher security classification and depriving him of the ability to earn credits under the First Step Act of 2018, 18 U.S.C. §§ 3631-

3635. (*Id*. at 6-8.) After careful consideration of Mr. Smith's Petition as well as the Response (Doc. No. 6), I recommend the Petition be dismissed without prejudice.

## II.   ANALYSIS

### A.   Exhaustion of Administrative Remedies

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Respondent contends Mr. Smith's Petition should be dismissed because he has failed to demonstrate that he presented his claim to the BOP and exhausted it by means of the Administrative Remedy Program. (Doc. No. 6 at 2-3.) However, Respondent does not attach any BOP records showing Mr. Smith's failure to exhaust; instead, Respondent points to Mr. Smith's failure to provide such records. Generally speaking, the exhaustion of administrative remedies is an affirmative defense. *See, e.g.*, *Webb v. Beasley*, No. 2:17-cv-00027-KGB-PSH, 2018 WL 894640, at 1 (E.D. Ark. Feb. 14, 2018) (citing *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015)). As such, "the respondent bears the burden of raising and proving the absence of exhaustion." *Id*. Respondent has not met his burden of proving that Mr. Smith failed to exhaust his claim; accordingly, I do not recommend dismissal on this basis.

### B.   Merits

According to Mr. Smith, his case manager at the FCI "manipulated the classification process" in an attempt to punish him. (Doc. No. 1 at 7.) He claims the case manager "willfully and intentionally falsif[ied] government records," specifically by creating a false record of escape in his prison file and altering an unadjudicated state probation violation to make it appear as if it had been adjudicated. (*Id*. at 6-8.) Such a claim is not cognizable in habeas corpus and is more

suited for an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal analog to 42 U.S.C. § 1983.

The essence of habeas corpus is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ "is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If a prisoner is not challenging the validity of his conviction or the length of his detention, "then a writ of habeas corpus is not the proper remedy," and the district court lacks jurisdiction to issue a writ. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). If a prisoner is making a constitutional challenge to the conditions of his prison life – but not to the fact or length of his custody – then a § 1983 or *Bivens* action is the proper remedy. *Preiser*, 411 U.S. at 499.

Mr. Smith does not challenge his conviction, nor does he seek a remedy that would result in an earlier release from prison. Rather, he challenges a condition of his confinement – specifically, his security classification, a condition with certain consequences attached, including whether he may earn FSA credits or be moved to a lower-security facility. "[Mr. Smith] may not pursue such a claim through a § 2241 petition; rather, if he wants to pursue such a claim, he will have to file a traditional civil-rights action." *Davis v. Fisher*, 2013 WL 3974520, at 1 (D. Minn. Aug. 1, 2013) (citing *Carter v. Bledsoe*, 519 Fed. App'x 123 (3d Cir. 2013) (per curiam) (challenge to custody classification not cognizable in habeas); *Stanko v. Quay*, 356 Fed. App'x 208 (10th Cir. 2009) (challenge to security classification – allegedly arbitrarily and capriciously altered by case manager – not cognizable in habeas)). As Mr. Smith does not challenge the fact or duration of his imprisonment, this court lacks jurisdiction to issue a writ of habeas corpus.

**III. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that Mr. Smith's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 27th day of April 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE